UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-25280-CV-WILLIAMS

ANDRES DOMINGUEZ-MARTINEZ,

    Petitioner,

v.

KRISTI NOEM, *et al.*,

    Respondents.

_____/

## ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") (DE 1) filed by Petitioner Andres Dominguez-Martinez ("***Petitioner***"). For the reasons set forth below, the Petition (DE 1) is **DENIED**.

    **I.**    **FACTUAL BACKGROUND**

Petitioner Andres Dominguez-Martinez is a citizen of the Dominican Republic. (DE 1 ¶¶ 14, 25). Petitioner initially entered the United States on or about November 5, 2002 on a visitor visa and overstayed his visa. (DE 1 ¶ 26). On March 31, 2011, Petitioner was convicted of criminal possession of a controlled substance (*Id.* ¶ 27), and, on June 17, 2011, the Department of Homeland Security ("***DHS***") issued a Notice to Appear ("***NTA***"), and placed Petitioner in removal proceedings. (*Id.* ¶ 28). Petitioner was ordered removed on January 30, 2012 and he appealed his case to the Board of Immigration Appeals ("***BIA***"). (*Id.* ¶ 29). The BIA denied the Petitioner's appeal on May 22, 2012. (*Id.* ¶ 30). Petitioner then filed a Petition for Review before the Second Circuit, and the Petition was denied on September 24, 2012. (*Id.* ¶ 31). Petitioner was then physically removed on November 1, 2012. (*Id.* ¶ 31).

Petitioner illegally re-entered the United States on February 24, 2020. (*Id.* ¶ 33). He was charged and convicted with illegal entry after deportation, before being released during the COVID-19 pandemic. (*Id.* ¶¶ 34-35). Petitioner subsequently self-petitioned under the Violence Against Women Act, filed an application for advance parole, and an application for permission to re-enter the United States after deportation. (*Id.* ¶ 36-37). Petitioner alleges that he then legally re-entered the United States on February 20, 2023. (*Id.* ¶ 38). On the same day, Customs and Border Protection encountered Petitioner and discovered his prior arrest warrant. (DE 5 at 4). Consequently, he was paroled into the United States and turned over to the custody of the United States Marshals. (*Id.*). Petitioner was convicted of Re-entry Subsequent to an Aggravated Felony Conviction on February 7, 2024 and, on March 12, 2024, DHS reinstated the prior order of removal. (*Id.*). Petitioner is presently challenging, in the Eleventh Circuit, the validity of the administrative order subjecting him to withholding-only proceedings. (DE 6 at 3).

II.     **LEGAL STANDARD**

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

III.     DISCUSSION

Respondents argue that this Court lacks jurisdiction to review challenges to the Petitioner's final order of removal. (DE 10 at 10). Petitioner, however, is not litigating that issue before this Court. (DE 6 at 3). As Petitioner rightly notes, the challenge to the final order of removal is pending before the Eleventh Circuit and is a separate issue from the Petition, which concerns Petitioner's prolonged detention. (*Id.* at 3-4). It is well established that a district court may consider cases concerning the unconstitutionality of a prolonged detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Accordingly, as a threshold matter, the Court rejects Respondents' argument and finds that it has jurisdiction to consider the Petition.

While the Court agrees Petitioner has been subjected to a prolonged detention and that it is unclear when the Eleventh Circuit will consider Petitioner's pending matter, a murky future is not synonymous with an indefinite one. *See Rodriguez v. Meade*, No. 20-cv-24382, 2021 WL 671333, at *4-5 (S.D. Fla. Feb. 22, 2021). A "detainee is not entitled to release merely because a definite date of removal is unknown." *Id.* (quoting *Guilarte v. Barr*, No. 20-cv-401, 2020 WL 8084169, at *4 (N.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, No. 20-cv-401, 2021 WL 75763 (N.D. Fla. Jan. 8, 2021)). The Court finds that in circumstances like this case, where a pending matter has been briefed before the Eleventh Circuit and where at least some of the delay is attributable to Petitioner's multiple requests for continuances, it is reasonably foreseeable that the appellate court will issue an opinion, and that the detention will terminate at that point— whether through full removal proceedings or the petitioner's release. On these facts, the Court cannot find that Petitioner's continued detention is unconstitutional.

Accordingly, it is **ORDERED** and **ADJUDGED** that the Petition for Writ of Habeas Corpus (DE 1) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 24th day of November, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE